---

(No. 14035.—Reversed and remanded.)
The Lake Erie and Western Railroad Company, Appellee, *vs.* Louis L. Emmerson, Appellant.

*Opinion filed October 22, 1921—Rehearing denied Dec. 9, 1921.*

This case is controlled by the decision in *Armstrong* v. *Emmerson,* (*ante,* p. 54.)

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. Smith, Judge, presiding.

Edward J. Brundage, Attorney General, (Clarence N. Boord, and James W. Gullett, of counsel,) for appellant.

Geo. B. & Geo. M. Gillespie, (John B. Cockrum, of counsel,) for appellee.

Mr. Justice Carter delivered the opinion of the court:

This is a bill filed by appellee, the Lake Erie and Western Railroad Company, in the circuit court of Sangamon county, for an injunction to restrain appellant, the Secretary of State, from paying over to the State Treasurer $2991.25 which appellee had paid appellant under protest

as its annual franchise tax or license fee for the year beginning July 1, 1920, under the general Corporation act. A general demurrer was filed to the bill, which the court overruled, and thereupon, appellant having elected to abide by the demurrer, the court entered a decree permanently enjoining him from paying $1574.42 of the amount in question to the State Treasurer and ordering that said sum be paid back to the railroad company. From this decree the Secretary of State has appealed to this court.

The bill sets forth that the appellee is a corporation organized under the laws of Illinois and operates a railroad from Peoria, Illinois, to Toledo, Ohio, and elsewhere, and is engaged in both intrastate and interstate commerce; that said railroad was taken over by the President of the United States in December, 1917, and operated by the government as a part of the general railroad administration until March 1, 1920; that pursuant to an act in relation to corporations for pecuniary profit, in force July 1, 1919, the Secretary of State of Illinois assessed the corporate stock of the appellee $2991.25, and notified it to pay the same during the following July or be liable to the penalties provided by statute.

The question involved in this proceeding is largely, if not entirely, as to the proper construction of certain sections of the general Corporation act with reference to the meaning of the words "authorized capital stock." That question has been fully discussed and decided by this court in *Armstrong* v. *Emmerson,* (*ante,* p. 54.) What was said in the opinion in that case fully disposes of the question as to the meaning of the phrase "authorized capital stock" and the tax that should be paid thereon under the general Corporation law, and it is not necessary to discuss that legal proposition further here, as that decision must control.

The decree of the circuit court will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*